19-587-cv
*Kuo v. Government of Taiwan*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of January, two thousand twenty.

PRESENT:     JOSÉ A. CABRANES,
                      *Circuit Judge*[*],
             CHRISTINA REISS
                      *District Judge.*[†]

---

SHEAFEN KUO; AND TINA KUO,

              *Plaintiffs-Appellants,*                            19-587-cv

                      v.

GOVERNMENT OF TAIWAN; AND MINISTRY OF
NATIONAL DEFENSE OF TAIWAN,

              *Defendants-Appellees.*

---

---

[*] Judge Christopher F. Droney, who was originally assigned to the panel, retired from the Court, effective January 1, 2020, prior to the resolution of this case. The remaining two members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

[†] Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR PLAINTIFFS-APPELLANTS:**          Sheafen Kuo, Tina Kuo, *pro se*, Staten Island, NY.

**FOR DEFENDANTS-APPELLEES:**          No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiffs-Appellants Sheafen and Tina Kuo (jointly, the "Kuos"), *pro se*, sued the government of Taiwan and its Ministry of National Defense ("MND"), alleging that, in 2009, the MND seized the property of Kohn Yu Kuo, Sheafen's mother, in Taiwan and failed to compensate her for its loss. The Kuos asserted that the District Court had subject matter jurisdiction under the expropriation exception of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(3). In a January 4, 2019 Opinion and Order, the District Court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction, reasoning that the Kuos did not show that there was property in question that was present in the United States in connection with commercial activity and that the Kuos did not satisfy the expropriation exception.

I.

Some background information is warranted. These facts are drawn from allegations in the complaint, which we credit for the purposes of considering the issue presented. In December 2017, the Kuos sued Taiwan and the MND for taking Sheafen's mother's property without compensation, alleging that Sheafen's father, Shih Jian Kuo, purchased a military housing unit in Taiwan in 1951. In 1997, Sheafen's mother, Kohn Yu Kuo, inherited the house when Shih Jian died.

In 1999, the MND confirmed that Kohn Yu's home was a resident military house and that she was considered a "resident military householder." Compliant at ¶ 20. In 2004, the MND informed Kohn Yu that its 1999 confirmation had been erroneous and that she did not qualify as a military householder because Shih Jian privately purchased the house, rather than going through military channels. As a result, Kohn Yu was considered an "illegal-occupied householder." *Id.* at ¶ 22. In 2009, the MND sold Kohn Yu's home along with six others, to a developer for $65 million (with $7.5 million for Kohn Yu's home alone).

The Kuo family sued the MND in Taiwan but were unsuccessful. The Kuos attached documents from their Taiwan lawsuit, but did not provide an English translation.

The Kuos, who became United States citizens in the 1980's, asserted that the District Court had jurisdiction under FSIA's expropriations exception to foreign sovereign immunity because there was a

sufficient commercial nexus between Taiwan and the United States. Specifically, they asserted that the proceeds from Kohn Yu's property sale became part of Taiwan's general revenue, which could be used for "any legitimate purpose," including commercial activities in the United States. The Kuos alleged that Taiwan, or its agents or instrumentalities, performed a significant amount of trade with the United States; that the Taiwan-owned oil company, the China Petroleum Corporation ("CPC"), owned property in Texas; and that the Bank of Taiwan has a branch in New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## II.

We review dismissals for lack of subject matter jurisdiction for clear error with respect to factual findings and *de novo* with respect to legal conclusions. *Virtual Countries, Inc. v. Republic of South Africa*, 300 F.3d 230, 235 (2d Cir. 2002). Ordinarily, foreign sovereign immunity is an affirmative defense and the defendant must establish *prima facie* entitlement to it before the plaintiff bears the burden of showing that immunity under the FSIA should not be granted. *Id.* at 241–42. However, because foreign sovereign immunity is an issue of subject matter jurisdiction, a district court may raise the issue *sua sponte* to "satisfy itself that one of the [FSIA] exceptions applies." *Verlinden B.V. v. Cent. Bank of Nigeria.* 461 U.S. 480, 493–94 (1983); *see also NYSA-ILA Pension Tr. Fund ex rel. Bowers v. Garuda Indonesia*, 7 F.3d 35, 39 (2d Cir. 1993) (a district court "must, as a threshold matter, find an exception to the FSIA's grant of sovereign immunity" before applying "any other rule of law").

A foreign state is generally immune from suit, except where the plaintiff meets one of the exceptions listed in the FSIA. *Virtual Countries, Inc.*, 300 F.3d at 236. One such exception is the expropriation or "takings" exception, which permits suits against foreign states when the state takes the plaintiff's property in violation of international law. 28 U.S.C. § 1605(a)(3). To establish jurisdiction under the expropriation exception, a plaintiff must show "(1) that rights in property are at issue; (2) that the property was 'taken'; (3) that the taking was in violation of international law;" and (4) that a nexus requirement is satisfied. *Garb v. Republic of Poland*, 440 F.3d 579, 588 (2d Cir. 2006) (quoting 28 U.S.C. § 1605(a)(3)). Even assuming that the Kuos satisfied the first three expropriation requirements, they did not satisfy the nexus requirement.

## III.

The nexus requirement may be satisfied by showing either that the property at issue (or property exchanged for that property) "is present in the United States in connection with a commercial activity carried on in the United States by the foreign state" or that the property "is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States." *Id.* (internal quotation marks and brackets omitted). The District Court concluded that the MND was "properly treated as a foreign state," rather than as an agency or instrumentality. ROA doc. 19 at 5. The Kuos do not challenge this determination on appeal. Accordingly, the Kuos were required to satisfy the more

3

stringent requirement that the allegedly taken property, or the proceeds from its sale, were present in the United States in connection with commercial activity. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (issues not raised in *pro se* appellant's brief are considered waived); *see also Garb*, 440 F.3d at 590 (determining that Polish Ministry of Treasury was not an agency or instrumentality of the Republic of Poland and therefore the less rigorous nexus test did not apply).

The Kuos failed to meet this burden. They offered multiple reasons to show that the nexus requirement was satisfied. All are meritless. First, the Kuos argued that Taiwan actively purchased and exported goods from the United States. But as the District Court concluded, the fact that Taiwan purchased and exported goods did not establish that property derived from the 2009 sale of Kohn Yu's property was located in the United States. Neither the complaint, nor any of the Kuos' other filings, showed that any of the properties owned by the defendants in the United States could be traced to the proceeds from Kohn Yu's property. Kohn Yu's home was sold for $7.5 million in 2009, but Taiwan does billions of dollars in trade with the United States. The Kuos have failed to allege facts sufficient to allow a court to determine that the proceeds of the 2009 sale were used in the United States, let alone used to buy specific property that remained in the United States. Further, the Kuos note that Taiwan's general revenue may be used for other, legitimate purposes aside from trade with the United States.

The Kuos argue that the MND was not required to immediately use the funds of the property sale and that the property purchased with the funds (airplanes in 2018) may still be in the United States. They also argue that a Taiwan-owned oil company, the CPC, owns oil fields in the United States and a portion of Taiwan's general revenue, including proceeds from the sale, was used to fund CPC's operations. Both arguments are merely speculation. The Kuos offered no evidence, nor did they make any specific allegation, to show that either the airplanes or CPC's oil fields were specifically purchased using proceeds from the sale of Kohn Yu's home. And because they cannot make any showing that Taiwan's property in the United States is derived from the proceeds from the sale of Kohn Yu's property, the Kuos' argument that the District Court disregarded the possibility that some goods may still be in the United States is meritless. There is simply insufficient evidence "that property [expropriated] or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state[.]" 28 U.S.C. § 1605(a)(3).[1]

---

[1] The Kuos do not argue on appeal that the District Court has jurisdiction under the second clause of 28 U.S.C. § 1605(a)(3), regarding an agency or instrumentality of a foreign state. We note, however, that any allegation on this record that a relevant agency or instrumentality of Taiwan— such as the CPC, for example—*owned or operated* the expropriated property (or any property exchanged therefore) is also impermissibly speculative.

IV.

Next, the Kuos argue that the District Court erred by deciding the immunity question over a year after they filed their complaint. They assert that this delay permitted the defendants an opportunity to move any connected property out of the United States and destroy subject matter jurisdiction. This argument is meritless. The assertion that there ever was any expropriated property or any property exchanged for such property in the United States in connection with a commercial activity carried on in the United States by the foreign state is entirely speculative. Even if the District Court had immediately addressed the immunity issue, it would still have been required to dismiss the complaint for lack of subject matter jurisdiction.

V.

The Kuos further argue that the District Court improperly permitted the lawsuit to proceed after the defendants failed to respond to the summons and complaint. However, the Kuos had not properly served the defendants pursuant to Federal Rule of Civil Procedure 4(j) and 28 U.S.C. § 1608 until October 2018. The defendants then had sixty days to respond from the date they received the summons and complaint. 28 U.S.C. § 1608(c)–(d). Although the record does not show when the defendants received the summons and complaint, the Kuos did not move for a default judgment when the defendants failed to respond. Further, no default judgment could have been entered against the defendants because, as discussed above, the Kuos did not allege their "claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e).

VI.

Finally, the Kuos argue that the District Court was biased against them and acted as an attorney for the defendants because the defendants needed to show their *prima facie* entitlement to foreign sovereign immunity and the District Court dismissed the case prior to their appearance. But the District Court was permitted to *sua sponte* dismiss the complaint prior to the defendants' appearances because it had an obligation to ensure that it had subject matter jurisdiction over the case. *See NYSA-ILA Pension Tr. Fund ex rel. Bowers*, 7 F.3d at 39. Additionally, an adverse ruling is not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Accordingly, the District Court properly dismissed the complaint against all defendants for lack of subject matter jurisdiction.

5

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the reasons stated above, the January 9, 2019 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk